IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

OREADEA TREADWELL                 :

                               :

v.                                : Civil Action No. DKC 13-0063

                               :

PRINCE GEORGE'S COUNTY HEALTH
DEPARTMENT, ET AL.                :

**MEMORANDUM OPINION AND ORDER**

Presently pending and ready for resolution in this employment discrimination case are two motions. Defendants Prince George's County Health Department and Christopher Oladipo move for a protective order prohibiting Plaintiff or Plaintiff's counsel from disclosing confidential personnel information. (ECF No. 48). Second, Defendant Prince George's County moves to bifurcate the claims in this case. (ECF No. 47). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for a protective order will be granted in part and denied in part. The motion to bifurcate will be denied.

**I.   Background**

Plaintiff is an employee of the County as a Community Developer. She alleges that she has been subject to abusive language, unwelcome sexual advances, and sexual assaults by Oladipo, an employee of the County. She alleges that the County

knew about Oladipo's activities but failed to take appropriate remedial actions. Plaintiff brought claims for sex discrimination and retaliation against the County in violation of Title VII, and a claim of a violation of the Equal Protection clause of the Fourteenth Amendment against Defendants, pursuant to 42 U.S.C. § 1983. (ECF No. 28, Second Amended Complaint).

On February 10, 2014, the undersigned approved the parties' stipulated Confidentiality Order. The Confidentiality Order prohibits the disclosure of any of the following documents to persons who are not the parties, witnesses, experts, or counsel:

- Any and all documents or items produced by Defendants which pertain to discipline of employees, termination of employees, and any other personnel information set forth in any personnel files concerning former or current employees of Prince George's County, Maryland.

- Any criminal investigatory files produced in discovery.

- The testimony of any and all individuals deposed in this matter regarding the contents of personnel files, including any discipline of employees, termination of employees, and/or other personnel matters regarding former or current employees of Prince George's County, Maryland.

- Any financial, medical, counseling, or psychological records produced in discovery.

(ECF No. 42 ¶ 2). On April 21, 2014, Defendants moved for a protective order prohibiting Plaintiff and/or Plaintiff's

2

counsel from disclosing confidential personnel information produced by Defendants during discovery or discovered during the deposition of County representatives and former employees. (ECF No. 48). Plaintiff opposed the motion (ECF Nos. 51 and 54), and Defendants replied (ECF No. 60).

On April 4, 2014, the County moved to bifurcate Count III against Oladipo from the claims against the County. (ECF NO. 47). Plaintiff opposed this motion (ECF No. 57), and the County replied (ECF No. 63).

## II. Analysis

### A. Motion for Protective Order

Fed.R.Civ.P 26(c) permits the court "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery." The burden is on the movant to establish good cause under Rule 26(c); the movant must set forth specific and particular facts, rather than broad conclusory statements as to why a protective order should issue. *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D.Md. 2006). "District courts have broad discretion in [their] resolution of discovery problems." *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 62 (4th Cir. 1993).

Plaintiff has indicated that she intends to hold a press conference to disclose information that she learned during the

3

course of depositions of County representatives. Plaintiff states that during the press conference, she seeks to disclose three pieces of information: first, deposition testimony by Ms. Toyin Fajimolu-Okonede concerning a sexual discrimination complaint she made against the County, including testimony that Oladipo sexually harassed her and demanded that he pay her $1,000 for aid in securing employment with the County. Plaintiff contends that this information did not come from any personnel files or a criminal investigation. She represents that she became aware of this allegation before any discovery was exchanged, as evidenced by her original complaint, which details Ms. Fajimolu-Onkedo's complaint of sexual harassment and extortion. (*See* ECF No. 1 ¶¶ 43-45). Second, Plaintiff seeks to disclose testimony from Mr. Raymond Gheen, a former County investigator, who testified that he conducted an investigation of Oladipo, ████████████████████████████████████████ ████████████████████████████████████████ ████████████ Plaintiff represents that information about this investigation was not contained in Oladipo's personnel file produced by Defendants, and Mr. Gheen testified that this was an administrative, not criminal, investigation. She admits that she first learned of Mr. Gheen's role during discovery as part of Defendants' response to Plaintiff's interrogatories, but contends that most of Mr. Gheen's testimony pertains to Ms.

4

Fajimolu-Okonede's discrimination complaint. Finally, Plaintiff seeks to disclose deposition testimony from Ms. Angela Crankfield, a County employee ██████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
Plaintiff represents that this testimony does not relate to any information that was contained in any personnel file produced in this case, nor does it relate to any criminal investigation. In sum, Plaintiff argues that this information is not covered by the Protective Order and, given the County's lack of response to direct evidence of wrongdoing, she has a responsibility to make this information public.

Defendants contend that all of this information is covered by the Protective Order because all of the information contains personnel information and/or information taken directly from the personnel files of Ms. Fajimolu-Okonedo and Mr. Oladipo, and the files covering investigations of personnel matters. In regard to Mr. Gheen's testimony, the Protective Order prohibits the disclosure of documents and testimony pertaining to any

personnel information set forth in the personnel files of current and former employees, including anything pertaining to discipline. Defendants further argue that because allegations of bribery and extortion are criminal in nature and any related investigation into those allegations deals with personnel matters which may have resulted in the discipline of Oladipo, this information is covered by the terms of the Protective Order.

This is an unusual situation. Plaintiff has received information in discovery that she wants to reveal publicly but *not* in the context of litigation. It is important to emphasize that what may remain confidential differs depending on what stage of the litigation the parties find themselves in. For example, information that is confidential during the discovery phase of the proceedings will not necessarily be deserving of similar protection in the dispositive motions stage, given the public's interest in examining the evidence relied upon by a court in adjudicating a party's substantive rights. *See Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 578-79 (4th Cir. 2004) (public has a First Amendment right of access to materials properly submitted in conjunction with a dispositive motion). Furthermore, mere reliance on the terms of a protective order will not guarantee that a record will be sealed; a party must demonstrate that alternatives less

6

restrictive than sealing the record are inadequate and why sealing or redacting a record furthers interests greater than the public's right of access. *See Cochran v. Volvo Grp. N. Am., LLC*, 931 F.Supp.2d 725, 729 (M.D.N.C. 2013) ("parties cannot by agreement overcome the public's right of access to judicial records"); *Butler v. DirectSAT USA, LLC*, 876 F.Supp.2d 560, 576 n.18 (D.Md. 2012) (party seeking to seal exhibits simply because it is covered by a confidentiality order is insufficient to satisfy Local Rule 105.11's requirement of "specific factual representations").

In regard to Ms. Fajimolu-Okonede's deposition testimony, Defendants have not met their burden of demonstrating good cause. The Protective Order covers testimony concerning the contents of personnel files. Defendants have not demonstrated adequately that Ms. Fajimolu-Okonede's testimony concerns the contents of any County employee's personnel file. The evidence here does not suggest that Plaintiff learned of the Ms. Fajimolu-Okonede's accusations for the first time as part of this litigation. Quite the contrary, in her original complaint she details Oladipo's alleged sexual harassment of Ms. Fajimolu-Onkendo and the complaint Ms. Fajimolu-Okendo filed. Plaintiff also recounted Ms. Fajimolu-Oknekdo's allegation of Oladipo's extortion. (ECF No. 1 ¶¶ 43-44). This complaint was not filed under seal and no party has subsequently moved to file it under

7

seal. While it is acknowledged that Ms. Fajimolu-Okendo could have her own interest in keeping this testimony private, there is no indication that she was promised or requested any confidentiality for her testimony and she has not made her position known in regard to the present dispute. Defendants argue that the confidentiality order governs information that is consistent with that found in a personnel file. The terms of the Protective Order do not go so far. It only covers testimony inquiring into the contents of the personnel file itself; information learned from other sources is not covered. This is consistent with Maryland law, which prohibits *inspection* of a state employee's personnel *record*. Md. Code Ann. State Gov't § 10-616(i). The protection given to the information is tied to its location: the personnel record held by the government. The law makes an individual liable for actual damages for the willful and knowing *inspection* of a public record in violation of the law. *Id.* § 10-626. Because this is a litigation involving the alleged acts of a County employee, Plaintiff was entitled to personnel records where she would not be otherwise. The parties reasonably agreed to a protective order to limit the disclosure of otherwise confidential information shared between the parties. But information learned from another source - as evidenced by Plaintiff's original complaint - is not protected. Here, Plaintiff states that she never requested, and has never

received Ms. Fajimolu-Okendo's personnel file. Consequently, no question posed to her concerns the contents of her personnel file. While the undersigned appreciates that there is a difference between allegations made by a third-party in a complaint and the sworn testimony of the alleged victim, Defendants' arguments as to the need to prevent the disclosure of this testimony is unpersuasive. These allegations are already in the public sphere through Plaintiff's complaint and the marginal cost to Defendants of adding the alleged victim's testimony to the conversation are not great enough to warrant stifling Plaintiff's speech.

The conclusion is the same in regard to Ms. Crankfield's testimony. ███████████████████████████████████████ There is no indication that this testimony concerns the contents of any personnel file. While publicly revealing rumors and hypotheticals might not be wise, one's right to speak is not governed by the standards of wisdom. This testimony is not covered by the Protective Order and Defendants have not demonstrated why it must remain confidential.

Mr. Gheen's testimony is a different matter, however.



The distinction Plaintiff draws is not apparent. Furthermore, there is no indication this information is already in the public sphere as it was not part of the complaint. Mr. Gheen's testimony that the Plaintiff seeks to disclose is covered by the parties' Protective Order.[1]

### B.  Motion to Bifurcate

Plaintiff brings claims of sex discrimination and retaliation against the County in violation of Title VII (Counts I and II), and a claim for a violation of the Equal Protection clause of the Fourteenth Amendment against the County and Oladipo, pursuant to 42 U.S.C. § 1983 (Count III). The County

---

[1] The parties seek to keep under seal their filings. As some of the information contained is covered by the Protective Order, it necessarily follows that this information discussed in the parties' filings should remain protected and the motions to seal will be granted. This memorandum opinion and order will be filed under seal temporarily and the parties will propose redactions within fourteen (14) days.

has moved to bifurcate the claims against Oladipo from Count III.

Under Fed.R.Civ.P. 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize," the court may order separate trials of any claims or issues. The court has broad discretion in deciding whether to bifurcate claims for trial, and the exercise of that discretion will be set aside only if clearly abused. *Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1443 (4th Cir. 1993).

In Count III, Plaintiff alleges that Oladipo violated her clearly established constitutional right to be free from sex discrimination by sexually harassing her while acting under color of state law as a County employee. Plaintiff claims that because Plaintiff's constitutional right was clearly established, Oladipo is individually liable under 42 U.S.C. § 1983. Plaintiff also argues that the County is liable under Count III for violating Plaintiff's constitutional rights by allowing Oladipo's practices to become a custom or practice of the County as evidenced by its long-held knowledge of Oladipo's acts accompanied by its failure to investigate and punish Oladipo, and failing to train its employees on EEO laws and provide them adequate remedial measures.

The County argues that bifurcation is appropriate to prevent prejudice to Oladipo. To demonstrate the County's

11

liability under 42 U.S.C. § 1983, Plaintiff not only has to demonstrate that Oladipo violated Plaintiff's constitutional rights, but that he did so pursuant to a County custom, practice, or policy. This will necessitate the introduction of evidence of other allegations of discrimination. Much of this evidence would be irrelevant as to the events between Plaintiff and Oladipo and would be highly prejudicial to Oladipo. Furthermore, because County liability is predicated on Oladipo's violation of Plaintiff's constitutional rights, bifurcating trials makes sense because a verdict in Oladipo's trial will obviate the need for a County trial.

In opposition, Plaintiff argues that the County will already be part of the case as it is vicariously liable for the actions of Oladipo under Title VII (Count I). Because the standards used to judge a discrimination claim brought under Section 1983 are the same as those for a Title VII claim, it would be inefficient to try the constitutional claims against Oladipo as an individual separate from the Title VII claims against the County for the acts of Oladipo, its employee. Furthermore, Count II is for retaliation, a claim not made against Oladipo in Count III. A finding that Oladipo is not liable on Count III would do nothing to eliminate the need for a second trial against the County on the retaliation claim. Finally, Plaintiff argues that the evidence that would be

brought forth in Count III that the County failed to train its employees and have adequate procedures in place would overlap with the affirmative defenses the County has invoked in defending the harassment claim, specifically that it had policies and practices in place to prevent and correct sexual harassment and that Plaintiff failed to reasonably avail herself of said policies and practices. (*See* ECF No. 27, Answer to Counts I and II ("Plaintiff failed to avail herself of the County's internal anti-harassment policies and procedures"; "Defendant's actions were not undertaken pursuant to any unlawful or discriminatory County policies, customs, practices, or procedures.")).

Plaintiff's arguments are persuasive and the motion to bifurcate will be denied. Unlike the cases cited by the County, here the County is not simply an "inactive defendant," liable only if Plaintiff can first prove that Oladipo violated her constitutional right to be free from discrimination. Plaintiff also seeks to hold the County liable for Oladipo's acts under Title VII, for which it will be liable if Oladipo created a hostile environment because Oladipo was Plaintiff's supervisor. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998). Because of this potentially vicarious liability, employers in Title VII hostile work environment claims can be more active, by asserting as a defense that the plaintiff failed to take

advantage of available remedial measures. As discussed above, the County has invoked that defense in this case, indicating that the County will not be an "inactive defendant." *Marryshow v. Town of Bladensburg*, 139 F.R.D. 318 (D.Md. 1991), a case upon which the County relies heavily, solely involved claims against an employer for supervisory liability under Section 1983. The only case the County cites to involving only employment discrimination claims were brought solely under Section 1983. *Morgan v. City of Rockville*, No. PWG-13-1394, 2013 WL 6898494 (D.Md. Dec. 30, 2013). Furthermore, Judge Grimm did not bifurcate, only deciding that it may be appropriate but, given the state of the case, it was "quite premature" to make that decision. *Id.* at *7. The County's motion to bifurcate will be denied.[2]

Therefore, for the reasons stated in the foregoing Memorandum Opinion, it is this 12th day of June, 2014, by the United States District Court for the District of Maryland, ORDERED that:

---

[2] In its reply, the County takes a different tack, arguing that Plaintiff is only opposing bifurcation because she wants to admit evidence of Oladipo's allegedly wrongful prior bad acts. But, the County argues, those acts are from many years ago and are too remote to be admissible and, in addition, would result in undue prejudice. These arguments are best saved for trial, if and when one occurs.

1. The motion for a protective order filed by Defendants Prince George's County, Maryland and Christopher Oladipo (ECF No. 48) BE, and the same hereby IS, GRANTED IN PART;

2. The parties are not prohibited from releasing the excerpts of the depositions of Ms. Toyin Fajimolu-Okonede and Ms. Angela Crankfield provided by Plaintiff in her opposition (ECF Nos. 51-1 and 51-4);

3. The parties are prohibited from releasing the excerpts of the deposition of Mr. Raymond Gheen provided by Plaintiff in her opposition (ECF No. 51-3);

4. The motion for bifurcation filed by Prince George's County, Maryland (ECF No. 47) BE, and the same hereby IS, DENIED;

5. The motions to seal (ECF Nos. 49, 55, 62, and 65) BE, and the same hereby ARE, GRANTED;

6. ECF Nos. 48, 51, and 54, and 63 shall remain SEALED in their entirety;

7. This memorandum opinion and order shall be filed UNDER SEAL temporarily and the parties will suggest redactions within fourteen (14) days; and

8. The clerk will transmit copies of the Memorandum Opinion and Order to counsel for the parties.

                                         _____/s/_____
                                         DEBORAH K. CHASANOW
                                         United States District Judge